Burl Wayne STOTTS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14704.

Court of Criminal Appeals of Oklahoma.

Feb. 5, 1969.

Rehearing Denied April 9, 1969.

Don Anderson, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Curtis P. Harris, Dist Atty., Jack A. Swidensky, Asst. Dist. Atty., for defendant in error.

BUSSEY, Judge:

Burl Wayne Stotts, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County of the crime of Concealing Stolen Property After Former Conviction of a Felony, was sentenced to serve a term of ten years imprisonment in the State Penitentiary, and from said judgment and sentence he appeals.

The undisputed evidence is that a 300 Diesel Farm Tractor, Serial # 122224 was stolen on the 13th day of March, 1966, from Bob Vinyard at his place of business in Oklahoma City, Oklahoma. The evidence necessary for a determination of the issues presented on appeal may be summarized as follows:

John Williams testified that on March 13, 1966, he had been out to his farm and returned home about 5:00 in the evening, when the telephone rang. He stated that the phone call was from the defendant, who asked him "have you looked in your garage, this is Burl." The witness answered "No," whereupon the defendant said, "You ought to look in the garage." (CM 27). Mr. Williams went to his garage and found a tractor sitting there. About an hour later, the defendant appeared and stated that he wanted to move the tractor, but stated that he wanted to sell the tractor to Mr. Williams for $850.00. The witness agreed to purchase it, but stated that he did not have the money to pay him at that time, and the defendant agreed to wait a few days, but wanted to move the tractor

at that time, and drove it away. About two weeks later the witness saw the tractor again on his farm at Checotah, Oklahoma. He further testified that he had since checked the price of diesel tractors and the wholesale price of one like the defendant had offered him was $2,700.00.

On cross-examination the witness testified that he had known the defendant for approximately two weeks prior to March 13th, and the defendant was the only person to whom he had spoken about wanting to purchase a tractor. He further stated that at the time he did not know that the tractor was stolen, but "figured that it probably had been." (CM 38). This witness testified that he left the money for his wife and she paid the defendant $850.00 for the tractor plus $250.00 for the hauling, two or three days later, but did not know how it was hauled to his farm. On further questioning, this witness testified that he had purchased another smaller tractor from the defendant approximately two weeks prior to March 13th, for either $650.00 or $750.00, cash. He learned from the Deputy Sheriff that the Diesel tractor had been stolen about a year later, but denied knowing where the Deputy Sheriff had found it, but stated that it had been impounded at Eufaula, Oklahoma.

Mrs. Alice M. Williams testified that she was the wife of John Williams and on the 13th day of March, 1966, she was at Checotah on the farm, and there was a tractor delivered there that night, by the defendant. The defendant asked her where to put the tractor and she directed that he put it in the driveway. She next saw the tractor the next morning in the driveway. She stated that the tractor was later taken to another farm, but she did not know who moved it. On Tuesday she received a telephone call (she did not know the name of the caller), who directed her to put $850.00 in the mailbox which she did. She later looked in the mailbox and the money was gone.

The defendant sets forth four propositions under which he presents his assignments of error, which we will deal with under two propositions. In his brief he argues that both Mr. and Mrs. Williams were accomplices to the crime of Concealing Stolen Property and this being true, there was insufficient corroborative evidence to support the verdict of the jury. There is not one scintilla of evidence in the record before us which would support this argument. The only evidence relating to the concealment of the stolen tractor by the defendant in Williams' garage has been heretofore summarized in the testimony set out above. It is readily apparent that the tractor had been stolen and concealed in Williams' garage prior to the time that Williams received any information relative to its whereabouts. This being true, the crime of Concealing Stolen Property had already been completed prior to the subsequent purchase of the tractor by Williams from the defendant. This is not to say that witness Williams, under the testimony adduced in the record, may not have been charged and prosecuted for Knowingly Receiving Stolen Property, but certainly in the offense of Knowingly Receiving Stolen Property, the defendant could not have been his accomplice. We believe the record also establishes that Mrs. Williams was not an accomplice to the concealment of the tractor in Oklahoma County and we are supported in this belief by reason that the trial counsel who represented the defendant never requested an instruction presenting the question of whether Mrs. Williams was an accomplice, to the jury for its consideration.

The defendant's other contentions are premised upon the failure to give an unrequested instruction and the giving of an instruction to which no exception was taken. From our examination of the instructions as a whole, we are of the opinion that the trial court fairly, correctly, and fully instructed the jury as to the applicable law and for this reason alone we could hold that this assignment of error is without merit, but it is significant to note that counsel for the defendant neither requested an instruction, nor took exception

to the instructions given. Under these circumstances we here reiterate the well-established rule that errors to which no exceptions are taken and preserved in the Motion for New Trial, will not be considered on appeal.

For all of the reasons above set forth, the judgment and sentence appealed from is affirmed.

BRETT, P. J., and NIX, J., concur.